IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| R. L. BRYANT, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §  No. 4:12-CV-080-A |
| | § |
| RICK THALER, Director, | § |
| Texas Department of Criminal | § |
| Justice, Correctional | § |
| Institutions Division, | § |
| | § |
| Respondent. | § |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, R. L. Bryant, a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

### I. Factual and Procedural History

On March 22, 1993, a jury convicted petitioner of aggravated robbery with a deadly weapon in cause number 7887 in the 29th Judicial District Court of Palo Pinto, Texas, and assessed his

punishment at life imprisonment. (08State Habeas R. at 44, 50)[1] This is petitioner's third federal petition challenging the same conviction. The first two were filed in this court in 1990, consolidated, and denied and dismissed. *Bryant v. Lynaugh*, Nos. 4:90-CV-053 & 4:90-CV-085.

Petitioner raises one ground for habeas relief in this petition, in which he claims he is actually innocent of the offense and has eyewitnesses that he was in California on the day of the robbery. (Pet. at 6)

## II.  Successive Petition

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition. *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Furthermore, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

---

[1] "08State Habeas R." refers to the record of petitioner's state habeas application no. WR-14,886-08.

2

Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied; the denial shall refer only to the present case and shall have no effect upon the petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

SIGNED May __16__, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

3